J-S47011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID DIPRIMIO | |
| Appellant | No. 945 EDA 2013 |

Appeal from the PCRA Order February 8, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005763-2008
CP-51-CR-0005764-2008
CP-51-CR-0005765-2008
CP-51-CR-0005766-2008
CP-51-CR-0005767-2008

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY MUNDY, J.:                **FILED SEPTEMBER 26, 2014**

Appellant, David DiPrimio, appeals from the February 8, 2013 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, without a hearing.  In addition, Appellant's counsel has filed before this Court a motion to withdraw, together with a **_Turner_**/**_Finley_** no-merit letter, averring the appeal is without merit.[1]  After careful review, we grant counsel's motion to withdraw and affirm the PCRA court's order dismissing Appellant' PCRA petition.

---

[1] **_See Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super 1988) (_en banc_).

The PCRA court summarized the relevant factual and procedural history of this case as follows.

> On April 27, 2008, [Appellant] got into a fight with patrons at Mick Daniels Bar in South Philadelphia. After closing, while the crowd was leaving the bar, [Appellant] opened fire from across the street, shooting six times and hitting three victims. One of the victims was a man he argued with inside the bar, the second victim was a man he argued with outside of the bar, and the third victim was a man who had been talking to the second victim at the time of the shooting. When the crowd chased [Appellant], he shot a fourth victim. Another man who heard the shots and saw [Appellant] running eventually subdued [Appellant] and gained control over the firearm. However, [Appellant] flagged down a police officer and blamed the shooting on the man who had subdued him. An off-duty police officer who had witnessed the shooting then arrived on scene and explained that [Appellant] was really the shooter[].
>
> On March 25, 2009, [Appellant] was found guilty after a waiver trial before the Honorable John O'Grady of four counts of aggravated assault, one count of attempted murder, simple assault, and possessing an instrument of crime.[2] On May 29, 2009, he was sentenced to an aggregate term of 15 to 30 years['] incarceration.[3] [Appellant] appealed his sentence; the judgment of sentence was affirmed on June 17, 2010. **Commonwealth v. David DiPrimio**, [4 A.3d 691 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 14 A.3d

---

[2] 18 Pa.C.S.A. §§ 2702, 901(a) (to commit 18 Pa.C.S.A. § 2502(a)), 2701, and 907, respectively.

[3] Appellant was represented by Brian J. McMonagle, Esquire during trial and sentencing, and was represented by Mitchell Strutin, Esquire during his direct appeal.

824 (Pa. 2010)]. [Appellant's] petition for allowance of appeal to the Pennsylvania Supreme Court was denied on December 28, 2010.

On March 26, 2012, Appellant, represented by [private counsel,] Kenneth A. Young, Esquire, filed a Petition pursuant to the [PCRA]. [On July 12, 2012, the Commonwealth filed a motion to dismiss Appellant's PCRA petition.]

On December 6, 2012, and January 7, 2013, [the PCRA] court sent [Appellant] notice pursuant to Pa.R.Crim.P. 907 of [the PCRA] court's intent to dismiss his PCRA Petition, explaining that the issues raised in his PCRA were without merit. [No response was filed to the PCRA court's Rule 907 notice.] On February 8, 2013, [the PCRA] court formally dismissed [Appellant's] PCRA Petition. On March 4, 2013, [Appellant] filed this Notice of Appeal.

On April 11, 2013, [the PCRA] court ordered a 1925(b) Statement from [Appellant]. Postmarked April 26, 2013, [Appellant] sent this court his 1925(b) Statement, raising numerous claims on appeal.

PCRA Court Opinion, 5/21/13, at 1-3.

On June 18, 2013, after filing Appellant's notice of appeal, Attorney Young filed a petition to withdraw before the PCRA court, averring he had not been retained to represent Appellant on appeal and that Appellant could not afford counsel. On August 14, 2013, Appellant petitioned this Court for appointment of new counsel. On August 27, 2013, we remanded the matter to the trial court for resolution. On September 10, 2013, the PCRA court ordered that new counsel be appointed to represent Appellant in the instant

- 3 -

appeal. On October 4, 2013, John Belli, Esquire (Attorney Belli) filed his entry of appearance in this Court on Appellant's behalf.

Attorney Belli, subsequently filed a petition to withdraw as counsel, together with a **Turner**/**Finley** letter on October 29, 2013. On May 5, 2014, Appellant filed a *pro se* response to Attorney Belli's motion to withdraw and no-merit letter.

In his **Turner**/**Finley** letter, Attorney Belli identifies the following issues Appellant wishes to have reviewed as rephrased from Appellant's Rule 1925(b) statement.

1. The PCRA Court erred by holding that [A]ppellant's claim that his trial counsel was ineffective for failing to investigate, develop, and present evidence that [A]ppellant was suffering from severe cognitive deficits at the time of the incident did not entitle him to relief;

2. The PCRA Court erred by holding that [A]ppellant's claim that his trial counsel was ineffective for failing to argue that he was incompetent to stand trial lacked merit;

3. The PCRA Court erred by holding that [A]ppellant's claim that his trial counsel was ineffective for failing to investigate and subpoena witnesses for the defense entitled him to no relief;

4. The PCRA Court erred by not granting relief on a claim alleging that trial counsel was ineffective for failing to obtain and present [A]ppellant's medical records for the purpose of establishing that he lacked the mental capacity to form specific intent to kill;

5. The PCRA Court erred by holding that [A]ppellant's claim alleging that trial counsel was ineffective for not reviewing the crime scene photos, which established that the victim[']s proffered false testimony at trial entitled him to no relief;

6. The PCRA Court erred by dismissing [A]ppellant's claim alleging that trial and appellate counsel were ineffective for failing to raise the preceding claims in a post[-]sentence motion and on direct appeal respectively; and

7. The PCRA court erred by failing to provide [A]ppellant with a [Rule] 907 notice that specifically identified the reasons why the court dismissed his PCRA petition without a hearing. Had [A]ppellant been aware of the reasons for denying him PCRA relief he would have alleged that PCRA counsel was ineffective because he:

    a. failed to seek a retrospective competency evaluation;

    b. failed to challenge trial counsel's lack of investigation to an alternative to justification;

    c. failed to certify the PCRA record with mental health records; and

    d. fail[ed] to submit affidavits of witnesses.

*Turner*/*Finley* Letter, at 8-9.

In his *pro se* response to Attorney Belli's motion to withdraw and *Turner*/*Finley* letter, Appellant raises the following additional issues.

[1.]    [Whether Attorney Belli's] petition to withdraw is not in compliance with the procedures for filing an **_Ander's_** [sic] Brief[?][4]

[2.]    [Whether] trial counsel was ineffective for failure to object to the inadequate jury waiver colloquy denying [] Appellant [h]is Sixth Amendment right to effective counsel and [whether] PCRA counsel was ineffective for failure to raise this claim on Appellant' [sic] behalf[?]

Appellant's _Pro Se_ Response at 1, 2.

We reiterate the following principles guiding our consideration of an appeal from the denial of PCRA relief.

> "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **_Commonwealth v. Edmiston_**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted) [, _cert. denied_, **_Edminston v. Pennsylvania_**, 1345 S. Ct. 639 (2013)]. "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **_Commonwealth v. Koehler_**, 614 Pa. 159, 36 A.3d 121, 131 (2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." **_Commonwealth v. Spotz_**, 610 Pa. 17, 18 A.3d 244, 259 (2011) (citation omitted). "However, this Court applies a _de novo_ standard of review to the PCRA court's legal conclusions." **_Id._**

**_Commonwealth v. Medina_**, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014)

(_en banc_).  Further, in order to be eligible for PCRA relief, a petitioner must

_____

[4] **_Anders v. California_**, 386 U.S. 738 (1967).

- 6 -

plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. *Id.* § 9543(a)(3).

In this case, the PCRA court dismissed Appellant's PCRA petition without conducting a hearing.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012), *quoting Commonwealth v. Turetsky*, 925 A.2d 876, 882 (Pa. Super. 2007) (internal citations omitted), *appeal denied,* 940 A.2d 365 (Pa. 2007); *see also* Pennsylvania Rule of Criminal Procedure 907. "We stress that an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Commonwealth v. Roney*, 79 A.3d 595, 604-605 (Pa. 2013) (internal quotation marks and citation omitted). We review a PCRA court's decision to dismiss without a hearing for abuse of discretion. *Id.* at 604.

Before we consider Appellant's arguments, we must review PCRA counsel's request to withdraw from representation. As described by our Supreme Court, the requirements PCRA counsel must adhere to when requesting to withdraw include the following.

> 1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless[.]

*Commonwealth v. Pitts*, 981 A.2d 875, 876 (Pa. 2009), *quoting **Finley**, **supra** at 215. "Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).

> [W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of ***Turner/Finley***, the court - trial court or this Court - must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Id.* (citation omitted).

As referenced above, Appellant challenges the sufficiency of Attorney Belli's **Turner**/**Finley** no-merit letter. Appellant's *Pro Se* Response at 1. However, he does so by arguing that the standards governing withdrawal of counsel from a direct appeal as required by **Anders**, **supra**, and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), apply. **Id.** "[T]he first error is that [Attorney Belli] filed a no-merit letter to this Court instead of an **Ander's** [sic] brief."[5] **Id.** This is a mistaken conclusion. Appellant's confusion stems from his interpretation of **Santiago** as applying to all appeals as opposed to only **direct** appeals. As the instant appeal is from a final order in a collateral challenge to his judgment of sentence through the PCRA, the afore-described **Turner**/**Finley** standards apply. **See Pitts**, **supra**.

Instantly, we conclude that Attorney Belli has complied with the requirements of **Turner**/**Finley**. Specifically, Attorney Belli's **Turner**/**Finley** letter details the nature and extent of his review, addresses the claims Appellant raised in his amended PCRA petition and Rule 1925(b) Statement, and determines that the issues lack merit. Attorney Belli provides a

_____

[5] One distinction between an **Anders** brief and a **Turner**/**Finley** no merit letter is that on direct appeal counsel must discuss all issues arguably supporting an appeal, while in collateral proceedings counsel must discuss all issues a petitioner wishes to raise. **Wrecks**, **supra**, 720-721. Hence, applying **Anders** criteria, Appellant avers Attorney Belli was ineffective for not spotting an issue, *i.e.*, voluntariness of Appellant's jury trial waiver, that Appellant now claims has arguable merit even though it was not included in his Rule 1925(b) statement as an issue he wished to raise. As such, this issue is waived for our consideration on appeal.

discussion of Appellant's claims, explaining why the issues are without merit. Additionally, Attorney Belli served Appellant with a copy of the petition to withdraw and **Turner**/**Finley** brief, advising Appellant that, if Attorney Belli was permitted to withdraw, Appellant had the right to proceed *pro se* or with privately retained counsel. We proceed, therefore, to conduct an independent merits review of Appellant's claims.

Appellant's first six issues and the second issue in his *pro se* response allege ineffectiveness of one or more of Appellant's prior or current counsel. When reviewing a claim of ineffective assistance of counsel, we apply the following test, first articulated by our Supreme Court in **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987).

> When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> …
>
> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (internal quotation marks and citations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Birdsong*, 24 A.3d 319, 330 (Pa. 2011).

We proceed to address Appellant's first and second issues set forth in the Turner/Finley letter, which pertain to his allegations of trial counsel ineffectiveness for failing to investigate, raise or develop certain issues related to Appellant's cognitive abilities at the time of trial.[6] Appellant averred, "there was substantial indicia of incompetency available to and known to the trial court, trial counsel and the Commonwealth," such that it was ineffective assistance of trial counsel not to raise the issue. PCRA Petition, 3/26/12, at 10, ¶ 30.

> Pennsylvania's definition of incompetence is statutory:
>
>> [W]henever a person who has been charged with a crime is found to be substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense, he shall be deemed incompetent to be tried, convicted or sentenced so long as such incapacity continues.
>
> 50 P.S. § 7402(a). In order to establish incompetence, an appellant has the burden of

---

[6] Appellant's first question on appeal is a prefatory issue related to his second and fourth questions. We therefore address them coordinately. Appellant's sixth issue incorporates all his claims of trial counsel ineffectiveness into an allegation of ineffectiveness of direct appeal counsel.

> proving that he was either unable to understand the nature of the proceedings against him or to participate in his own defense.

***In re R.D.***, 44 A.3d 657, 665 (Pa. Super. 2012) (citation omitted), *appeal denied*, 56 A.3d 398 (Pa. 2012).

Instantly, Appellant, in his PCRA petition made no averments that he was incompetent, that he was unable to understand the proceedings, or that he could not assist in his defense. He merely alleges that circumstances at trial suggested there was a question of his competency, but those circumstances are not identified.[7] Appellant also, did not identify any experts prepared to testify on the issue. Further the PCRA court noted that the record, including colloquies with Appellant belied his incompetency claim. Trial Court Opinion, 5/21/13, at 6. Accordingly, we conclude the PCRA court did not err in determining there were no material issues of fact relative to the effective assistance of trial and appellate counsel concerning their failure to raise Appellant's incompetency at trial or on direct appeal. Appellant has proffered no basis to conclude a material issue of fact exists, relative to the merits of the underlying issue. ***See Wah***, ***supra***.[8]

---

[7] Appellant's PCRA petition references Appellant's behavior prior to and during trial "[a]s described below." PCRA Petition, 3/26/12, at 10, ¶ 30. However, no such description appears in Appellant's PCRA petition.

[8] To the extent Appellant alleges trial court error in failing to act *sua sponte* in holding a competency hearing as a basis for PCRA relief, the claim fails as waived for failure to raise the issue on direct appeal. ***See Commonwealth***
*(Footnote Continued Next Page)*

In his first and fourth issues on appeal, Appellant makes a similar claim of ineffectiveness of trial counsel for failing to investigate, develop, or raise Appellant's alleged mental health issues relative to a possible diminished capacity defense. *Turner*/*Finley* Letter at 13, 20. In this regard, Appellant's PCRA petition averred that he "was seriously impaired due to a mental illness at the time of the offense." PCRA petition, 3/26/12, at 5, ¶ 16. Appellant further averred, "[h]ospital, doctor, prescription medication, testimony from various friends and family, jail records will corroborate [Appellant's] medical and mental health issues at the time of the offense of this matter." *Id.* at 6, ¶ 17. "Had counsel obtained the background data, he would have been able to present testimony that [Appellant] … could not form any specific intent to commit the crimes he was charged with." *Id.* at 7, ¶ 21. "These impairments were substantial and would have provided diminished capacity and unreasonable belief at the guilt/innocence phase." *Id.* at 8, ¶ 26.[9]

---

*(Footnote Continued)* ———————————

*v. Smith*, 17 A.3d 873, 903 (Pa. 2011), *cert. denied*, *Smith v. Pennsylvania*, 133 S. Ct. 240 (2012).

[9] The PCRA court determined that this issue lacked merit because diminished capacity defense is only available to defend a charge of first-degree murder. Trial Court Opinion, 5/21/13, at 5. "The 'diminished capacity' defense is available only as a defense to first-degree murder []. Likewise, it is not available as a defense for other 'specific intent' non-homicide offenses." *Commonwealth v. Russell*, 938 A.2d 1082, 1092 (Pa. Super. 2007) (citations omitted). However, we have explained that the specific intent element for attempted murder is identical to first-degree murder. *Commonwealth. v. Spells*, 612 A.2d 458, 461 n.5 (Pa. Super. 1992); *In*
*(Footnote Continued Next Page)*

- 13 -

We conclude, Appellant's claim fails for the reasons discussed in the preceding issue.

> Diminished capacity is an extremely limited defense, which requires extensive psychiatric testimony establishing a defendant suffered from one or more mental disorders which prevented him from formulating the specific intent to kill. Only where a defendant admits liability and contests the degree of guilt is a diminished capacity defense available.

***Commonwealth v. Cuevas***, 832 A.2d 388, 393 (Pa. 2003) (citations omitted). "[E]vidence that the defendant lacked the ability to control his actions or acted impulsively is irrelevant to specific intent to kill, and thus is not admissible to support a diminished capacity defense." ***Commonwealth v. Sepulveda***, 55 A.3d 1108, 1122 (Pa. 2012). As noted above, Appellant's PCRA petition did not identify with any specificity a mental illness or disorder that affected his ability to form the specific intent to kill. His generic reference to "[h]ospital, doctor, prescription medication, testimony from various friends and family, [and] jail records" is inadequate to present a material issue of fact in the absence of any proffer of expert psychiatric testimony on the subject. ***See id.***

---

*(Footnote Continued)*

***re R.D.***, ***supra*** at 678. Thus, diminished capacity is a defense available to a charge of attempted murder. ***See Commonwealth v. Rovinski***, 704 A.2d 1068, 1071-1072 (Pa. Super. 1997) (involving an appeal after this Court previously remanded for a hearing related to appellant's diminished capacity defense claim to a charge of attempted murder), *appeal denied*, 723 A.2d 1024 (Pa. 1998). Nevertheless, we "may affirm a PCRA court's decision on any grounds if the record supports it." ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013).

Appellant has included in the certified record various medical records pertaining to his traumatic head injury and recovery from 2005. These records contain nothing indicating the effect of the injury on Appellant's ability to form specific intent, and contain no information about Appellant's condition at the time he shot the four victims three years later.[10] In light of these deficiencies in Appellant's presentation of his claim of ineffective assistance of counsel relative to developing a defense of diminished capacity, we conclude the PCRA court did not err or abuse its discretion in dismissing Appellant's petition without a hearing. *See Commonwealth v. McLaurin*, 45 A.3d 1131, 1137 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013).

We next proceed to Appellant's third issue, claiming ineffective assistance of trial counsel for failing to investigate and present witnesses for his defense. *Turner/Finley* Letter at 18. We have described a PCRA petitioner's burden in presenting this type of claim as follows.

> A defense counsel's failure to call a particular witness to testify does not constitute ineffectiveness *per se.* *Commonwealth v. Cox*, 603 Pa. 223, 267, 983 A.2d 666, 693 (2009) (citation omitted). "In establishing whether defense counsel was ineffective for failing to call witnesses, a defendant must prove the witnesses existed, the witnesses were ready and willing to testify, and the absence of the witnesses'

_____

[10] Trial counsel did bring Appellant's head injury and accounts of its effect on his personality to the attention of the jury through testimony of Appellant's father. N.T., 3/24/09, at 19-20.

testimony prejudiced petitioner and denied him a fair trial." *Id.* at 268, 983 A.2d at 693.

*Commonwealth v. Johnson*, 27 A.3d 244, 247 (Pa. Super. 2011). Further, a petitioner must provide proof of the availability of the witness, his or her willingness to testify and the substance of the proposed testimony by including an appropriate affidavit or other proof with the PCRA petition. *McLaurin*, *supra*. "[T]he question of failing to interview a witness is distinct from failure to call a witness to testify." *Commonwealth v. Dennis*, 950 A.2d 945, 960 (Pa. 2008). Nevertheless, a similar threshold presentation is necessary. "[W]ithout [the uninvestigated witnesses'] testimony[,] Appellant cannot demonstrate prejudice sufficient to establish ineffectiveness of trial counsel." *Id.* at 965.

Appellant's PCRA petition alleged as follows. "There was an eye witness to the assault of the Complainants against [Appellant] who was not subpoenaed to testify at trial in this matter. … This eye witness was vital to the [] defense and trial counsel's failure to investigate this witness violated [Appellant's] right to receive a fair trial." PCRA petition, 3/26/12, at 12, ¶¶ 35, 37. Nowhere is this witness identified. Neither the witness's availability or willingness to testify nor the substance of the witness's supposed testimony is averred or supported in an affidavit. Absent these

pleading requirements, we discern no error or abuse of discretion in the PCRA court's dismissal of this claim without a hearing.[11]

In his fifth issue, Appellant alleges trial counsel was ineffective for not reviewing crime scene photos that Appellant contends could have contradicted trial testimony of Commonwealth witnesses. *Turner*/*Finley* Letter at 20. Appellant did not include this issue in his PCRA petition, raising it for the first time in his Rule 1925(b) statement. "It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (internal quotation marks and citation omitted), *appeal denied*, 30 A.3d 487 (Pa. 2011). Accordingly, we conclude Appellant has waived this issue, and is due no relief.

We next address Appellant's claims of ineffectiveness of PCRA counsel. In his seventh issue, Appellant claims the PCRA court's Rule 907 notice lacked sufficient specificity as to the basis for the PCRA court's conclusion that his issues lacked merit. *Turner*/*Finley* Letter at 22. Appellant argues, that if he had been made aware of the PCRA court's basis, he could have timely alleged ineffectiveness of PCRA counsel in failing to rectify the afore-described deficiencies in Appellant's PCRA petition, *e.g.*, failing to provide

---

[11] Appellant only identified potential witnesses, albeit without any supporting material, for the first time in his Rule 1925(b) statement.

mental health records and failing to submit affidavits of witnesses.[12] *Id.* Additionally, in his response to Attorney Belli's motion to withdraw, Appellant alleges PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness for, in turn, failing to raise an issue contesting the voluntariness of Appellant's waiver of a jury trial. Appellant's *Pro Se* Response to **Turner/Finley** Letter at 2-4. None of these issues were raised before the PCRA court in the first instance.

In **Commonwealth v. Henkel**, 90 A.2d 16 (Pa. Super. 2014) (*en banc*), this Court conducted an exhaustive review of Pennsylvania law regarding review of PCRA counsel ineffectiveness claims for the first time on appeal. The **Henkel** Court concluded that issues of PCRA counsel ineffectiveness must be raised in a response to a PCRA court's Rule 907 notice or in a serial PCRA petition. *Id.* at 29. We recognize that Appellant was still represented by PCRA counsel at the time the Rule 907 notice was issued and that the PCRA time bar may be an obstacle to future PCRA petitions. However, these factors do not alter the aforesaid requirement. "We are cognizant that failing to address PCRA counsel effectiveness claims for the first time on appeal renders any effective enforcement of the rule-based right to effective PCRA counsel difficult at the state level." *Id.*

---

[12] At the time the PCRA court sent its two Rule 907 notices of its intent to dismiss, Appellant was represented by counsel. Additionally, the Commonwealth had filed a motion to dismiss reciting the above discussed deficiencies in Appellant's PCRA petition and other bases for dismissal.

Accordingly, we conclude that none of Appellant's allegations of PCRA counsel ineffectiveness are reviewable in this appeal.

For all the foregoing reasons, we conclude Appellant's issues are either without merit, waived, or premature.  Additionally, finding Attorney Belli compliant with the ***Turner***/***Finley*** requirements, we grant his motion to withdraw as counsel.  Finally, discerning no error or abuse of discretion by the PCRA court, we affirm the February 8, 2013 order dismissing Appellant's PCRA petition without a hearing.

Order affirmed.  Motion to withdraw granted.

Judge Olson joins the majority.

Judge Wecht concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2014